IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MYRON T. SMITH                                                                                        PLAINTIFF

v.                                         1:10-cv-00091-DPM-JTK

JARED BRANSCOMB, et al.                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
      Judge (if such a hearing is granted) was not offered at the
      hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the
      hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

This matter is before the Court on the Defendants' Motion for Judgment as a Matter of Law, which this Court construes as a Motion for Judgment on the Pleadings, pursuant to FED.R.CIV.P. 12(c) (Doc. No. 55).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 60).

Plaintiff Smith is a former inmate who filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement while incarcerated as a pretrial detainee at the Independence County Detention Center (Jail) in 2008.  Specifically, Plaintiff alleges that following a riot at the Jail, he was "put in a cell with vomit an feces an urine on floor, walls, toilet.  Plus they didnt give me a mat or a blanket or sheets nor any of my clothes....They also turn down the heat an it was 30 degrees outside.  Lt. Dow kept me in this cell for over two days without a shower." (Doc. No. 10-2, pp.1-2.)  Defendants are Jared Branscomb and Rhonda Dow, both employees of the Jail.

**II.     Motion for Judgment on the Pleadings**

The applicable standard of review on a motion for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c) is the same as that on a motion to dismiss under FED.R.CIV.P. 12(b)(6). See Shaw v. Rolex Watch U.S.A., Inc., 745 F.Supp. 982, 984 (S.D.N.Y.1990), citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1367, at p. 518-19 (5th ed. 1990). That is, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007).

**A.     Defendants' Motion**

Defendants first state that Plaintiff's allegations against them in their official capacities should be dismissed, because Plaintiff fails to allege that Defendants' actions were the result of an unconstitutional county custom or policy, citing Doe v. Washington County, 150 F.3d 920, 922 (8th Cir. 1998). In addition, Defendants state they are entitled to qualified immunity from liability because Plaintiff's allegations do not support a constitutional claim. Specifically, Defendants state that Plaintiff's allegation that he was placed in a dirty and cold cell for two days does not constitute punishment that "'deprive inmates of the minimal civilized measure of life's necessities.'" Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989), quoting Rhodes v. Chapman, 452 U.S.337, 347 (1981). Furthermore, Defendants state that conditions of confinement are considered cruel and unusual in violation of the Eighth Amendment "only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise...." Wilson v. Seiter, 501 U.S. 294, 304 (1991). Finally, Defendants state Plaintiff's Complaint against

3

them should be dismissed, because he does not allege he suffered an actual physical injury.

### B. Plaintiff's Response (Doc. No. 60)

Plaintiff re-states the allegations of his Complaint in his Response, that the weather outside at the time was 30 degrees, that Defendants placed him in a cell with urine, feces and no heat. He also states Defendants did not provide cleaning supplies for the cell for two days, causing "a discomfort." (Doc. No. 60, p. 2.)

### C. Analysis

Initially, the Court finds that Plaintiff's allegations against Defendants in their official capacities should be dismissed, because he does not allege that their actions were the result of an unconstitutional county policy or custom. Plaintiff does not dispute Defendants' argument that a suit against them in their official capacity is a suit against their employer, Independence County. See Kentucky v. Graham, 473 U.S. 159, 165-6 (1985). Nor does he dispute that in order to establish liability by the County, the law requires a showing of an unconstitutional policy or procedure, or a widespread pattern of unconstitutional conduct. Doe v. Washington County, 150 F.3d at 922; Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).

With respect to his allegations against Defendants in their individual capacities, the Court notes that since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1976). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege that Defendants were deliberately

4

indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to Plaintiff's health and safety.    Farmer v. Brennan, 511 U.S. 825, 827 (1994).

In Whitnack, two inmates (one was a pretrial detainee) claimed unconstitutional conditions of confinement after they were placed in a cell with paper, food and other "stuff" on the floor, together with hair, dried "mucus, spit, [and] vomit" in the sink and "dried human waste" on the toilet seat. 16 F.3d at 956.   The court first noted that the Constitution "does not mandate comfortable prisons," and that conditions of confinement are considered cruel and unusual punishment "only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." Id. at 957, quoting Wilson, 501 U.S. at 304.  The court also stated that the length of time during which the inmates were confined in the cell often governs whether the conditions were cruel and unusual, noting that the plaintiffs were provided with cleaning supplies within twenty-four hours of their placement in the cell. The court referred to other cases which found that inmates who were placed in dirty cells for short periods of time were not subjected to cruel and unusual punishment.  See White v. Nix, 7 F.3d 120, 121 (8th Cir. 1993), where an inmate confined to an unsanitary cell for eleven days did not prove a constitutional violation because of the "relative brevity" of his stay. See also Harris v. Fleming, 839 F.2d 1232, 1235-6 (7th Cir. 1988), where plaintiff spent five days in a filthy, roach-infested cell without toilet paper, which was held not to be unconstitutional.

In addition, in Smith v. Copeland, 87 F3d 265, 267 (8th Cir. 1996), the court held that no constitutional violation occurred when a pretrial detainee was confined in a cell with an overflowed toilet for four days.  Based on all these decisions, the Court finds that Plaintiff's allegations do not support a constitutional claim for relief.  He does not allege a specific deprivation of a single human

need during the two days he spent in the cell without cleaning supplies, as set forth in Wilson, 501 U.S. at 304.  In addition, he acknowledges that his confinement was limited to a two-day period, which the courts have found to be "tolerable." See Howard v. Adkison, 887 F.2d at 137, where the Court stated, "[c]onditions, such as a filthy cell, may 'be tolerable for a few days and intolerably cruel for weeks or months.'" quoting Hutto v. Finney, 437 U.S. 678, 687 (1978).

Therefore, the Court finds as a matter of law that Plaintiff's allegations do not rise to the level of a Constitutional claim and that Defendants' Motion should be granted.

### III.   Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Judgment as a Matter of Law, which this Court construes as a Motion for Judgment on the Pleadings (Doc. No. 55) be GRANTED, and that Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 3rd day of February, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE